**Curtis MONSON, Plaintiff-Appellee,**

v.

**SHELL OIL COMPANY and the Travelers Insurance Company, Defendants and Third-Party Plaintiffs-Appellants,**

v.

**WYATT INDUSTRIES, INC., et al., Third-Party Defendants-Appellees.**

**No. 27195.**

United States Court of Appeals Fifth Circuit.

June 9, 1969.

John J. Weigel, of Jones, Walker, Waechter, Poitevent, Carrere & Dengre, New Orleans, La., for Shell Oil Co. and Travelers Ins. Co.

J. Michael Cumberland, Reginald T. Badeaux, Jr., Lloyd C. Melancon, of McLoughlin, Barranger, West, Provosty & Melancon, New Orleans, La., for intervenor—Steel Tank & Superior.

Before WISDOM and MORGAN, Circuit Judges, and DAVIS,* Judge of the United States Court of Claims.

PER CURIAM:

In this diversity case Curtis Monson, an employee of Steel Tank Construction Co., was injured in a fall while he was working on the construction of a separator catalyst vessel at Shell's refinery in Norco, Louisiana. As he was descending from a steel beam he seized a piece of conduit pipe for support. He did not know nor could he have observed that this piece of conduit had been cut in half. The pipe gave way and he fell to the ground twenty to twenty-five feet below.

At the trial, Shell impleaded Wyatt Industries for indemnity under its contract with Wyatt. Steel Tank Construction Co. was a sub-contractor of Wyatt, employed to erect the separator catalyst vessel. This case was tried in the district court on special interrogatories submitted to the jury. The jury found that the injury was caused by the negligence of Shell and that Shell was not entitled to indemnity from Wyatt. On these findings the district court awarded Monson $84,000 against Shell.

Before oral argument in this case, Shell settled with Monson. The only issues, therefore, left in this appeal relate to Shell's claim for indemnity from Wyatt. Shell contends that the district court erred in submitting the issue of indemnity to the jury and that as a matter of law it was entitled to indemnity under the contract. The indemnity in Shell's contract with Wyatt provides:

"Liability and Indemnity: Contractor shall be solely responsible for all materials, equipment and work until the project is completed to Shell's satisfaction. * * * Contractor shall indemnify Shell and hold it harmless from and against all claims of and liability to third parties (including, without limitation, all employees of

---

* Sitting by designation.

Shell of contractor and all subcontractors and their employees) for injury to or death of persons or loss of or damage to property arising out of or in connection with the performance of this contract, except where such injury, death, loss or damage has resulted from the negligence of Shell without negligence or fault on the part of contractor or any sub-contractor."

Shell contends that it is entitled to indemnity under this provision even if Wyatt was faultless. We disagree. Shell could collect from Wyatt only if Wyatt or Steel Tank were concurrently negligent with Shell. The jury found against Shell on this issue.

■ Shell contends also that other language in the contract entitles it to indemnity on a breach-of-warranty theory. We are unable to find, in light of the jury's answer, that Shell is entitled to indemnity from Wyatt on a breach of warranty. Thus, regardless of whether the question of indemnity is a question of law or fact, we cannot say that the district court erred in denying Shell's indemnity from Wyatt.

The judgment is affirmed.